UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No.: 0:15-cv-61862

MARTIN COHEN,

    Plaintiff,

vs.

MSC CRUISES (USA) INC.,
a Florida corporation, and
MSC CROCIERE, S.A., a foreign
corporation

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Martin Cohen ("Plaintiff"), by and through his undersigned attorney, sues Defendants, MSC Cruises (USA) Inc., a Florida corporation, and MSC Crociere, S.A., a foreign corporation, (collectively, "Defendants") and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages Plaintiff sustained while he was a paid passenger on board Defendants' vessel, the MSC *Divina*.

2. At all times material hereto, Plaintiff was and is an adult resident of Broward County, Florida, and is otherwise *sui juris*.

3. At all times material hereto, Defendant MSC Cruises (USA) Inc. was and is a Florida corporation with its principal place of business in Broward County, Florida.

4. At all times material hereto, Defendant MSC Crociere, S.A., was and is a foreign corporation authorized to do business in the State of Florida, and it engaged in

1

substantial and not isolated business activity in the State of Florida, and in particular, in Broward County, Florida.

5. At all times material hereto, Defendants owned or operated or owned and operated a luxury passenger cruise ship known as MSC *Divina*.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333(1), which provides to United States District Courts original jurisdiction, exclusive of state courts, of any civil case of admiralty or maritime jurisdiction.

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to the terms and conditions of Plaintiff's passenger ticket for the cruise aboard the MSC *Divina* on which Plaintiff was injured. Venue is also proper pursuant to 28 U.S.C. § 1391 because MSC Cruises (USA) Inc.'s principal place of bussiness is 6750 North Andrews Avenue, Suite 100, Fort Lauderdale, Florida.

8. All conditions precedent to this action have been performed or waived, including the pre-suit notice of claim required by the terms and conditions of Plaintiff's passenger ticket for the cruise aboard the MSC *Divina* on which Plaintiff was injured.

## FACTUAL ALLEGATIONS

9. On or about September 14, 2014, Plaintiff was an invitee and paid passenger on board Defendants' vessel, the MSC *Divina*, which was in navigable waters, with the actual or constructive consent of Defendants.

10. On that date, Plaintiff was operating his motor scooter in the buffet area of the MSC *Divina*.

11. Unknown to Plaintiff, the floors in the buffet area of the MSC *Divina* were wet and slippery due to a clear, transitory substance.

12. As Plaintiff attempted to turn his motor scooter around to return to his sitting area, Plaintiff's motor scooter lost its traction on the clear, slippery, transitory substance and flipped over, which caused Plaintiff to land forcefully on the ground and suffer bodily injury.

## COUNT I – NEGLIGENCE

13. Plaintiff adopts and incorporates by reference all allegations in paragraphs 1 through 12 above as if fully set forth herein.

14. Defendants had a duty to Plaintiff to exercise reasonable care under the circumstances.

15. Defendants knew or reasonably should have known that the floors in the buffet area of the MSC *Divina* were wet and slippery because the transitory substance was there sufficiently long enough to put Defendants on notice and also because of numerous prior incidents of passengers slipping and falling there.

16. Alternatively, Defendants created an unsafe and foreseeably hazardous condition by virtue of Defendants' design and assembly of the MSC *Divina*'s floors or Defendants' failure to implement and exercise the due level of safety procedures intended to prevent spills of transitory substances.

17. Defendants breached their duty to exercise reasonable care under the circumstances with the following actions or inactions:

   a. Failing to maintain the passenger cruise ship MSC *Divina* in a reasonably safe condition by permitting the floors in the buffet area of the MSC *Divina* to become wet and slippery.

      b.      Failing to correct a dangerous condition, the wet and slippery floors in the buffet area of the MSC *Divina*, of which Defendant either knew or should have known by the use of reasonable care under the circumstances.

      c.      Failing to warn Plaintiff of a dangerous condition, the wet and slippery floors in the buffet area of the MSC *Divina*, of which the Defendant either knew or should have known by the use of reasonable care.

      d.      Failing to implement adequate policies or procedures to ensure the floors in the buffet area of the MSC *Divina* remained free from any dangerous conditions.

18.    As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages, including but not limited to bodily injury, resulting pain and suffering, disability, mental and emotional anguish, loss of capacity for the enjoyment of life, and extensive medical care and treatment. Plaintiff's injuries and losses are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, costs, pre-judgment and post-judgment interest, attorneys' fees, and for such other and further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff demands trial by jury for all issues so triable.

DATED: September 3rd, 2015.

                    Respectfully submitted,

            By:    /s/ Mario L. Perez

                  Mario L. Perez, Esq.
                  Florida Bar No. 119857
                  mario@baisdenperezlaw.com
                  nori@baisdenperezlaw.com
                  Genevieve Baisden, Esq.
                  Florida Bar No. 100058
                  gb@baisdenperezlaw.com
                  Baisden & Perez, LLC
                  400 N. Pine Island Rd., Ste. 200
                  Plantation, FL 33324
                  Telephone: (954) 749-0500
                  Facsimile: (954) 749-3008
                  Attorneys for Plaintiff